**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMCO Insurance Company, | No. CV 08-8065-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Western Drug, Inc., D/B/A Western United Drug; United States of America, | |
| Defendants. | |

Plaintiff AMCO Insurance Company ("AMCO") brought this action seeking a declaration that it has no duty to defend or indemnify Defendant Western Drug, Inc. ("Western Drug") against a civil action threatened by the United States. The United States and Western Drug have now submitted separate motions to dismiss. (Doc. ## 16, 18.)

**I. Background**

On May 14, 2007, the United States Attorney for the District of Arizona ("U.S. Attorney") sent Western Drug a letter threatening civil action under several sections of the United States Code. The U.S. Attorney alleged that Western Drug had violated federal laws respecting the filling of prescriptions and invited the pharmacy to provide him with any pertinent information and to "discuss a possible resolution" by June 1, 2007. Absent a response from Western Drug, the U.S. Attorney stated that he would "proceed

1  accordingly." On June 12, 2007, Western Drug sent AMCO a copy of the letter and
2  requested that it accept the defense of the case, noting that it would be "willing to meet
3  with [the U.S. Attorney] to discuss our options." On October 24, 2007, AMCO agreed to
4  defend Western Drug under a complete reservation of rights,and on May 23, 2008 filed
5  this suit for a declaratory judgment under 28 U.S.C. § 2201.

6  The U.S. Attorney has not filed suit against Western Drug to date. On August 29,
7  2008, the U.S. Attorney sent Western Drug a letter stating that the United States Drug
8  Enforcement Agency "is not interested in entering into a Morris agreement with Western
9  Drug." (Doc. # 29.) Western Drug then withdrew its request for a defense from AMCO
10 on September 2, 2008. (*Id.*)

## II. Sovereign Immunity

12 The United States moves to dismiss itself as a party to this action under Fed. R.
13 Civ. P. 12(b)(1) based on sovereign immunity. "The party who sues the United States
14 bears the burden of pointing to . . . an unequivocal waiver of immunity." *Prescott v.*
15 *United States*, 973 F.2d 696, 701 (9th Cir. 1993) (quoting *Holloman v. Watt*, 708 F.2d
16 1399, 1401 (9th Cir. 1983)). AMCO has not pointed to any waiver of sovereign
17 immunity that would apply in this case. The cases it relies upon do not discuss the United
18 States' sovereign immunity, and it cannot be seriously contended that the Declaratory
19 Judgment Act itself effectuates a waiver of sovereign immunity. *See Progressive*
20 *Consumers Fed. Credit Union v. United States*, 79 F.3d 1228, 1230 (1st Cir. 1996). The
21 United States will be dismissed for lack of subject matter jurisdiction. The court need not
22 speculate about what effect, if any, its judgment in this action might have on the United
23 States' ability to argue issues of policy coverage in the future.

## III. Declaratory Judgment is Unwarranted at This Time

25 Western Drug moves to dismiss AMCO's complaint under Fed. R. Civ. P.
26 12(b)(1) and 12(b)(6). The Declaratory Judgment Act states, "In a case of actual
27 controversy within its jurisdiction . . . any court of the United States . . . may declare the
28 rights and other legal relations of any interested party seeking such declaration." 28

1 U.S.C. § 2201(a).  Where a plaintiff requests a declaratory judgment, a court must first
2 determine "whether there is an actual case or controversy within its jurisdiction," and then
3 decide whether to exercise its discretion to issue the judgment.  *Principal Life Ins. Co. v.*
4 *Robinson*, 394 F.3d 665, 669 (9th Cir. 1996).

5       A case is ripe for review if "there is a substantial controversy, between parties
6 having adverse legal interests, of sufficient immediacy and reality to warrant the issuance
7 of a declaratory judgment."  *Id.* (citing *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312
8 U.S. 270, 273 (1941)).  "[A] dispute between an insurer and its insureds over the duties
9 imposed by an insurance contract satisfies Article III's case and controversy
10 requirement."  *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 n.2 (9th
11 Cir. 1998) (en banc).  However, a dispute between the insurer and its insured may not be
12 sufficiently immediate if, after the insured's request for a defense, the third party refrains
13 from filing a lawsuit for a substantial period.

14       "The majority of jurisdictions to have addressed the issue . . . conclude that a third
15 party's failure to file an underlying lawsuit is not a *per se* barrier to the maintenance of a
16 declaratory judgment action by an insurer against its insured."  *Firemen's Ins. Co. v.*
17 *Kline & Son Cement Repair, Inc.*, 474 F. Supp. 2d 779, 786 (E.D. Va. 2007).  A
18 substantial controversy may still exist where an injured party has asserted a claim against
19 the insured, the insured has requested to be defended by the insurer, and the filing of a
20 suit appears imminent or settlement negotiations are ongoing.  *See id.* (collecting cases);
21 *Great Divide Ins. Co. v. Aoao Maluna Kai Estates*, 492 F. Supp. 2d 1216, 1225 (D. Haw.
22 2007) (same).  However, because the insurer's duty to defend initially depends on the
23 allegations in a complaint, the case may not be ripe for review if the facts of the claim
24 against the insured are not sufficiently clear and may change by the time suit is filed.
25 *Union Ins. Co. v. Soleil Group, Inc.*, 465 F. Supp. 2d 567, 574 & n.2 (D. S.C. 2006)
26 (citing *Patrons Oxford Mutual Insurance Co. v. Garcia*, 1998 Me. 38, 707 A.2d 384 (Me.
27 1998)).

28

1   This case does not meet the minimum criteria for an Article III case or controversy
2   because the filing of a suit appears unlikely and settlement negotiations are not ongoing.
3   The U.S. Attorney has not filed suit against Western Drug, even though more than one
4   year has passed since it sent the warning letter.  The U.S. Attorney has also disavowed
5   any intention to enter into a settlement with Western Drug and Western Drug has
6   withdrawn its request for a defense.  The underlying suit against Western Drug is
7   speculative and the allegations against Western Drug are not at all clear.  Given the U.S.
8   Attorney's considerable delay in filing suit, it cannot be assumed that any complaint it
9   ultimately may file will reflect the facts asserted in its warning letter.  There can be no
10  harm to AMCO in refusing to adjudicate this action now as AMCO presently has no duty
11  to defend Western Drug.  This action is not ripe for consideration.

12  District courts also enjoy discretion in deciding whether to grant a declaratory
13  judgment.  The primary factors for considering whether to exercise that discretion are set
14  out in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942).  *Principal Life Ins. Co.*, 394 F.3d
15  at 672.  Those factors are non-exclusive and include, "[1)] the district court should avoid
16  needless determination of state law issues; [2)] it should discourage litigants from filing
17  declaratory actions as a means of forum shopping; and [3)] it should avoid duplicative
18  litigation." *Id.*  The court may also consider

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Id.*

Even if this action meets the minimum criteria of an Article III case or
controversy, the court declines to adjudicate it at this time.  AMCO's declaratory
judgment action involves issues of Arizona insurance law that need not be determined if,
as appears likely, the U.S. Attorney refrains from filing suit.  Even were the court to rule

- 4 -

1  in this action, AMCO might be forced to file another declaratory judgment action if the
2  nature of the suit against Western Drug changes.  This action may not settle all aspects of
3  the controversy, may not serve a useful purpose in clarifying the legal relations at issue,
4  and may not avoid duplicative litigation.  AMCO can file another declaratory judgment
5  action if Western Drug again requests a defense.  The facts are likely to be clearer, the
6  parties more interested and less inconvenienced, and the issues more carefully defined if
7  and when Western Drug makes such a request.  In the mean time, AMCO has no duty to
8  defend Western Drug and can suffer no liability.

9       IT IS THEREFORE ORDERED that the United States Motion to Dismiss (doc. #
10 16) and Defendant Western Drug, Inc.'s Motion to Dismiss (doc. # 18) are granted.

11      IT IS FURTHER ORDERED that the Clerk enter judgment dismissing this action
12 for lack of subject matter jurisdiction as against the United States of American and for
13 lack of equitable basis for declaratory judgment and for lack of case or controversy as
14 against Western Drug, Inc.  The Clerk shall terminate this action.

15      Dated: September 23, 2008.

_____
Neil V. Wake
United States District Judge